IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTINA GORAY, | ) | CIVIL NO. 06-00214 HG/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNIFUND CCR PARTNERS; MARVIN | ) | |
| S.C. DANG; JAE B. PARK; STUART | ) | |
| MARTINEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AND**
**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Christina Goray brings this case against Defendants Unifund CCR Partners, Marvin S.C. Dang, Jae B. Park, and Stuart Martinez alleging that Defendants violated the Fair Debt Collections Practices Act and Hawaii state law prohibiting unfair debt collection practices and unfair and deceptive trade acts when they sent a demand letter to Plaintiff in an attempt to collect a debt and filed a state court collection action.

For the reasons set forth below, the Court finds that Defendants Marvin S.C. Dang, Jae B. Park, and Stuart Martinez did not violate any provision of federal or state law and that Defendant Unifund's only violation was for failure to register as a collection agency with the State of Hawaii as required by Haw.

1

Rev. Stat. 443-B.  Accordingly, Plaintiff's Motion for Partial Summary Judgment is GRANTED IN PART AND DENIED IN PART and Defendants' Cross-Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

## PROCEDURAL HISTORY

On April 20, 2006, Plaintiff Christina Goray ("Plaintiff") filed her Complaint under the Fair Debt Collection Practices Act ("FDCPA") and Hawaii state law prohibiting unfair debt collection practices and unfair and deceptive trade practices against Defendants Unifund CCR Partners ("Unifund"), Marvin S.C. Dang ("Dang"), Jae B. Park ("Park"), and Stuart Martinez ("Martinez") (collectively, "Defendants").  The Complaint contains the following counts:

- **Count 1:**  Defendant Unifund violated 15 U.S.C. 1692b and 1692c(b) of the FDCPA;

- **Count 2:**  all Defendants violated 15 U.S.C. 1692e(2)(A) and (b), (5), (10) and (11);

- **Count 3:**  all Defendants violated 15 U.S.C. 1692f;

- **Count 4:**  Defendants Unifund and Dang violated 1692g(a);

- **Count 5:**  Defendant Unifund violated Haw. Rev. Stat. 443B-3;

- **Count 6:**  Defendant Unifund violated Haw. Rev. Stat. 443B-18(2)(B), (5) and (8);

2

- **Count 7**: Defendant Unifund violated Haw. Rev. Stat. 443B-19(4);

- **Count 8**: all Defendants violated Haw. Rev. Stat. 480-2.

On May 8, 2007, Plaintiff filed her Motion for Partial Summary Judgment ("Motion", Doc. 40), along with her concise statement of facts in support ("Pl. CSF", Doc. 41). Plaintiff moves for summary judgment on Counts 2-8 of her Complaint.

On June 14, 2007, Defendants filed Defendants' Cross-Motion for Summary Judgment ("Cross-Motion", Doc. 44) and Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and in Support of Defendants' Cross-Motion for Summary Judgment (Doc. 45), along with their concise statement of facts ("Def. CSF", Doc. 43). Defendants move for summary judgment on all counts, Counts One through Eight, of the Complaint.

On June 22, 2007, Plaintiff filed her Memorandum in Opposition to Defendants' Cross-Motion for Summary Judgment and Reply Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment (Doc. 47), and concise statement of facts in support of her reply (Doc. 48).

On July 2, 2007, this matter came on for hearing and the Court took it under advisement.

## STANDARD OF REVIEW: SUMMARY JUDGMENT

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56©.  The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party cannot stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial.  See T.W. Elec. Serv., 809 F.2d at 630; Fed. R. Civ. P. 56(e).  In a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).

## BACKGROUND

This case is about Defendants attempt to collect a $10,407.13 credit card debt from Plaintiff.  The facts are largely undisputed.

4

I.   **Unifund's Purchase of Plaintiff's Debt from Citibank**

Citibank was Plaintiff's original creditor.  (Pl. CSF at ¶

8, Doc. 41.)  Unifund purchased and was assigned accounts from

Citibank.  (Id.)  Citibank assigned its rights to Unifund for

$29,586,416.15 on 293,117 accounts valued at $554,156,511.60.

(Deposition of Jeffrey A. Shaffer, attached to Pl. CSF ("Shaffer

Dep.") at 95.)  One of the accounts Unifund purchased was the

account at issue in this case.  When Unifund purchased the

portfolio of debt from Citibank, including Plaintiff's debt from

Citibank, Unifund received the account information in electronic

format on CD-ROM.  (Def. CSF at ¶ 55, Doc. 43.)  This information

included the balance of the debt on the date of charge-off, and

the interest rate charged by Citibank.  (Id.)  Unifund imported

the account information received from Citibank into its own

computer system.  (Id. at 57.)  Unifund and Dang's office used an

electronic data interface, called You've Got Claims ("YGC"),

maintained by a separate company, to transfer information back

and forth respecting the accounts.  (Id. at 58.)  Unifund

transmitted information from the original creditor to Dang's

office via the YGC interface.  (Id. at 59.)  The information

included the balance on the account, the dates on the account,

and the original creditor on the account.  (Id.)

Unifund calculates interest, at the rate transmitted from

the original creditor, on its accounts using a formula.  (Id. at

60, 61.)  When it imports the account information into the system, it applies a simple interest formula to the balance from the date of the charge off to the time it purchased the account. (<u>Id</u>.)  From the day Unifund purchases an account it compounds interest on a monthly basis.  (<u>Id</u>.)

Citibank charged off Plaintiff's account on January 6, 2004. (<u>Id</u>.)  Prior to charging off Plaintiff's account, Citibank charged a compound interest on the account.  (<u>Id</u>. at ¶ 62.)  The computer data sent from Citibank to Unifund showed an interest rate of 27% for Plaintiff's account.  (Def. CSF at ¶ 66 and at Exh. A; <u>see also</u> Pl. CSF at ¶ 15; Pl. CSF in Reply at ¶ 8.)[1]

## II.  <u>Unifund's Debt Collection Efforts</u>

Unifund hired Defendant Marvin Dang's office to represent it in its efforts to collect Plaintiff's debt, including by filing a collection lawsuit against Plaintiff in Hawaii state court. (Pl. CSF at ¶ 10, Doc. 41.)  Defendant Dang is a licensed attorney in Hawaii.  Defendant Park, a licensed attorney in Hawaii, and Defendant Martinez, a legal assistant in Hawaii, are employees of Defendant Dang.  From the information received from Citibank, Unifund drafted the Affidavit of Indebtedness used for Plaintiff's account.  (Def. CSF at ¶ 64,, Doc. 43.)  Unifund then

---

[1] Plaintiff does not dispute that the documents provided to Unifund by Citibank showed a 27% interest rate.  Plaintiff disputes that 27% was the correct interest rate, but does not point to any evidence to support her position.  (<u>See</u> Pl. CSF in Reply at ¶ 8.)

mailed the Affidavit of Indebtedness to Marvin Dang's office. (Id.)

### A.   April 28, 2005 Demand Letter

On April 28, 2005, Marvin Dang's office sent a form demand letter to Plaintiff on Unifund's behalf in an attempt to collect Plaintiff's debt.  (Pl. CSF at ¶¶ 13, 16.)  The demand letter, described as a "Debt Validation Notice", lists Unifund as the "Current Creditor" to whom the debt is owed, care of the law offices of Marvin S.C. Dang, and lists Citibank, under the name "Wamu GW Classic", as the "Original Creditor".[2]  (Pl. CSF at Deposition of Stuart Martinez ("Martinez Depo.") at Exh. 2 ("Demand Letter").)  The letter lists Plaintiff's account number and the amount due as of April 1, 2005: "$9,953.18 ($9,953.18 for monies owed on the account plus $0.00 for attorney's fees and costs)."  (Id.)  The letter further states:

> We have been retained by the above Current Creditor in connection with your above account.  The Creditor had given you prior notice concerning the delinquent account.
>
> Please send a money order, certified check, or cashier's check made payable to "Marvin Dang - Client Trust Account" to the above address.  You should call our office for an updated amount.
>
> Please give this matter your attention.  Thank you for your anticipated cooperation.

---

[2]   Citibank (South Dakota) National Associate's account was issued under the name Wamu Gw Classic.  (Def. CSF at Exh. A.)

(<u>Id</u>.)  Finally, the letter contains the required notice for communications from debt collectors.  (<u>Id</u>.)

The parties dispute whether the term "Creditor" in the sentence "[t]he Creditor has given you prior notice concerning the delinquent account" refers to Unifund or the Original Creditor.  Defendant Park testified that he believes the term "Creditor" was referring to Unifund, but Defendant Park did not sign the letter. (Pl. CSF at Deposition of Jae B. Park ("Park Depo.") at 19-20.)  It is undisputed that Unifund did not send any type of notice to Plaintiff and the first contact Unifund had with Plaintiff was Mr. Dang's April 28, 2005 demand letter.  (Pl. CSF at 18; Def. CSF at ¶ 55; Shaffer Dep. at 23-24 & 53.)

**B.    <u>September 25, 2005 Hawaii State Court Collection
       Lawsuit</u>**

On September 16, 2005, Defendant Unifund filed a complaint against Plaintiff in the District Court of the Second Circuit, State of Hawaii, seeking judgment against Plaintiff for $10,407.13 (Def. CSF at Ex 2.)  The $10,407.13 was the amount Plaintiff owed Defendant on her credit card account.  <u>Id.</u>

In addition to the civil complaint cover form, the state court complaint contains a description of the nature and amount of the debt, an Affidavit of Indebtedness, signed by Unifund's media supervisor, Bharati Lengade, and a copy of the Citibank

credit card agreement.[3]

Defendant Martinez, a legal assistant at Defendant Dang's law firm, drafted the collection complaint against Plaintiff. (Pl. CSF at ¶ 21.)  Martinez drafted the collection complaint against Plaintiff based on the Affidavit of Indebtedness. (Pl. CSF at ¶ 22.)  The Affidavit of Indebtedness stated that Plaintiff owed $10,407.14 (principal balance in the amount of $7,425.04 plus interest up through June 7, 2005, in the amount of $2,982.09).  Upon reviewing all of the collection lawsuit documents, Defendant Park signed the complaint.  (Pl. CSF at ¶ 28.)

On February 23, 2006, the state court dismissed the collection lawsuit with prejudice pursuant to the parties' stipulation.  (Def. CSF at Exh. C at 3.)  Plaintiff's attorney subsequently filed a Motion for an Award of Attorney's Fees and Costs.  (Id.)  The state court awarded Plaintiff $500.00 in attorneys' fees pursuant to Haw. Rev. Stat. § 607-14 and $84.28 in costs.  (Id. at 9-10.)  Plaintiff contends that she actually incurred attorneys' fees of over $7,000 in defending against the collection lawsuit and seeks to recover those fees and other

---

[3] Defendants have attached a complete copy of the state court collection complaint to their separate concise statement of facts. (Def. CSF at Exh. 2).  Plaintiff contends that the collection complaint did not include a complete copy of the credit card agreement.  Records from the state court do not support Plaintiff's contention.

damages in this case under the FDCPA and state law.  (Pl. CSF at ¶¶ 43, 48.)

## ANALYSIS

## I. FAIR DEBT COLLECTION PRACTICES ACT(Counts 1-4)

### A.  Legal Standard

Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") to eliminate the recurring problem of debt collection agencies' dunning of the wrong persons or attempting to collect debts that consumers had already paid. Terran v. Kaplan, 109 F.3d 1428, 1431 (9th Cir. 1997).  In determining whether a violation of the FDCPA has occurred, the debt collector's representations, notices and communications to the consumer must be viewed objectively from the standpoint of whether the communication is "likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996) (quoting Swanson v. Southern Or. Credit Serv., 869 F.2d 1222, 1225 (9th Cir. 1988)).

The FDCPA is a strict liability statute.  See Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).  It does not require a showing of intentional conduct on the part of a debt collector.  Id.  Proof of a single violation of the FDCPA is sufficient to support judgment for the plaintiff.  See Kuhn v. Account Control Tech., Inc., 865 F. Supp. 1443, 1450 (D. Nev. 1994); Woolfok v. Van Ru Credit Corp., 783 F. Supp. 724, 725 (D.

10

Conn. 1990).  Nonetheless, "a debt collector may escape liability if it can demonstrate by a preponderance of the evidence that its violation [of the Act] was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.'" <u>Russel v. Equifax A.R.S.</u>, 74 F.3d 30, 33-34 (2d. Cir. 1996) (quoting 15 U.S.C. § 1692k©).

## B.  <u>Plaintiff's FDCPA Claims</u>

Plaintiff's Complaint alleges four FDCPA claims (Counts 1-4).  It is undisputed that Defendants are subject to the terms of the Fair Debt Collection Practices Act because they are "debt collectors" as defined in 15 U.S.C. § 1692a(6) and that they attempted to collect a debt from Plaintiff.  (Pl. CSF at ¶ 1.)

Plaintiff contends that Defendants violated various provisions of the FDCPA:

(1) <u>Count 1</u>:  Defendant Unifund contacted Plaintiff's former employer and obtained more than just location information in violation of §§ 1692b and 1692c(b);

(2) <u>Count 2</u>:  Defendants' April 28, 2005 letter to Plaintiff constituted false, deceptive and misleading representations in violation of § 1692e;

(3) <u>Count 3</u>:  Defendants' state court collection complaint in conjunction with the letters were unfair means to attempt to collect the claim in violation of § 1692f;

(4) <u>Count 4</u>:  Defendants failed to send proper notices
and/or verifications to Plaintiff in violation § 1692g.

### 1. <u>Defendant Unifund's Alleged Violation of §§ 1692b and 1692c(b) (Count 1)</u>

Count One of Plaintiff's complaint alleges that Unifund
violated § 1692(b) and § 1692c(b) by contacting her former
employer and obtaining more than location information.
Plaintiff does not move for summary judgment on Count One.
Defendant Unifund moves for summary judgment on Count One in its
cross-motion for summary judgment.

Defendant Unifund has put forth undisputed evidence that
none of its employees contacted Plaintiff's former employer.
(Def. CSF at ¶ 54, Doc. 43.)  Plaintiff responds that summary
judgment on Count One is premature because it propounded
discovery requests, on March 12, 2007, seeking to obtain
documents pertaining to what information Unifund obtained from
Plaintiff's former employer and Defendant had not yet responded
to these requests when Plaintiff filed her Memorandum in
Opposition to Defendants' Cross-Motion for Summary Judgment and
Reply Memorandum in Support of Plaintiff's Motion for Partial
Summary Judgment on June 22, 2007.  (Pl. Opp. at 21.)  A review
of the docket as of December 4, 2007 reveals no evidence in the
record that Plaintiff has filed a motion to compel a response or
that she has otherwise received evidence to support her claim in
Count One.  Moreover, Plaintiff has failed to comply with Fed. R.

12

Civ. P. 56(f).  Plaintiff has not provided an affidavit
specifying the reasons that "it cannot present facts essential to
justify its opposition."  Fed. R. Civ. P. 56(f).

Plaintiff's request for Fed. R. Civ. P. 56(f) continuance
contained in her Memorandum in Opposition to Defendants' Cross-
Motion for Summary Judgment and Reply Memorandum in Support of
Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

Defendants' Cross-Motion for Summary Judgment as to Count
One is **GRANTED**.

### 2.  <u>Defendants' Alleged Violations of § 1692e (Count 2), § 1692f (Count 3), and § 1692g(a)(1) (Count 4)</u>

Plaintiff contends that the April 28, 2005 demand letter and
the September 16, 2005 state court collection complaint violated
various provisions of the FDCPA.

#### a.  *April 28, 2005 Demand Letter*

Section 1692g governs the validation of debts including,
among other things, the content of debt notices.  Section
1692g(a) provides:

(a) Notice of debt; contents

Within five days after the initial communication with a
consumer in connection with the collection of any debt,
a debt collector shall, unless the following information
is contained in the initial communication or the consumer
has paid the debt, send the consumer a written notice
containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is

13

owed;

(3) a statement that unless the consumer, within
thirty days after receipt of the notice, disputes
the validity of the debt, or any portion thereof,
the debt will be assumed to be valid by the debt
collector;

(4) a statement that if the consumer notifies the
debt collector in writing within the thirty-day
period that the debt, or any portion thereof, is
disputed, the debt collector will obtain
verification of the debt or a copy of a judgment
against the consumer and a copy of such
verification or judgment will be mailed to the
consumer by the debt collector; and

(5) a statement that, upon the consumer's written
request within the thirty-day period, the debt
collector will provide the consumer with the name
and address of the original creditor, if different
from the current creditor.

15 U.S.C. § 1692g(a).

Section 1692e prohibits a "debt collector" from using "any

false, deceptive, or misleading representation or means in

connection with the collection of any debt."  15 U.S.C. § 1692e.

Section 1692e contains a non-exhaustive list of prohibited

conduct among which includes:

(2) The false representation of--
    (A) the character, amount, or legal status of any
    debt; or
    (B) any services rendered or compensation which may
    be lawfully received by any debt collector for the
    collection of a debt.

        *      *      *

(10) The use of any false representation or deceptive
    means to collect or attempt to collect any debt or
    to obtain information concerning a consumer.

14

15 U.S.C. § 1692e(2) and (10).

Section 1692f prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

Plaintiff contends that the April 28, 2005 letter violated §1692g(a), § 1692e(2) and (10), and § 1692f: (1) by not providing the amount due as of April 28, 2005; (2) by failing to explain that the amount of the debt was adjustable on a daily basis; and (3) by not breaking down the amount due into principal, interest, finance and other charges.  Plaintiff also contends that the statement in the April 28, 2005 demand letter that "[t]he Creditor had given you prior notice concerning the delinquent account" is a false statement and misrepresentation.  Plaintiff contends this statement was false because it is undisputed that Unifund did not send any prior notice.

The April demand letter does not violate the FDCPA.  The prevailing law in the Ninth Circuit holds whether a validation notice violates § 1692g(a) turns on whether the letter is likely to deceive or mislead the hypothetical "least sophisticated debtor."  See Baker v. GC Services Corp, 677 F.2d 775, 778 (9th Cir. 1982).  The objective least sophisticated consumer standard is lower than simply examining whether it is possible that particular language could mislead or deceive a debtor.  Swanson v. Southern Oregon Credit Serv. Inc., 869 F.2d 1222, 1229 (9th

Cir. 1988).  To satisfy § 1692g(a)'s requirements, the validation
notice must be conveyed effectively to the debtor.  It must be
large enough to read and sufficiently prominent to be noticed,
and it must not be overshadowed or contradicted by other
language.  Terran v. Kaplan, 109 F.3d 1428, 1431 (9th Cir. 1997).
The least sophisticated debtor standard retains the concept of
reasonableness so that a debt collector will not be held liable
for "bizarre or idiosyncratic interpretations of debt collection
notices."  Clomon v. Jackson, 988 F.2d 1314, 1319-20 (2d Cir.
1993).

        The April 28, 2005 letter would not deceive or mislead a
hypothetical least sophisticated debtor.  The letter states:
"Amount due as of 04/01/2005: $9,953.18 ($9,953.18 for monies
owed on the account plus $0.00 for attorney's fees and costs)[.]"
(Pl. CSF at Martinez Depo. at Ex. 2.)  The font size is normal
and no information is obscured.  It also provides that Plaintiff
"should call our office for any updated amount."  It is logical
to conclude from the sentence that interest on the debt was
continuing to accrue.  Defendant Dang's telephone number is
provided in two places on the letter.

        Some courts have held that if the demand for payment
includes add-on expenses like attorneys' fees or collection
costs, the debt collector should itemize those figures
separately.  See Fields v. Wilbur Law Firm, P.C., 383 F.3d 562

(7th Cir. 2004).  In this case, the letter indicates $0.00 has been added for attorney's fees, so there is nothing to separately itemize.

As set forth above, one of the requirements under Section 1692g(a) is that the notice must include the amount of the debt. Plaintiff argues that the letter must contain a statement of the full amount of the debt as of the date of the letter, broken down into interest and principal.  The April 2005 letter states the amount of the debt as of April 1, 2005 and does not separate the amount due by principal and interest.

 Plaintiff relies heavily on <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC</u>, 214 F.3d 872 (7th Cir. 2000) in support of her argument.   In <u>Miller</u>, the dunning letter stated that the "unpaid principal balance" of the mortgage loan was $178,844.65.  <u>Id.</u> at 875.  The letter in <u>Miller</u> added that:

> [T]his amount does not include accrued but unpaid interest, unpaid late charges, escrow advance or other charges for preservation and protection of the lender's interest in the property as authorized by your loan agreement.  The amount to reinstate or pay off your loan changes daily.  You may call our office for complete reinstatement and payoff figures.

<u>Id</u>.  The letter listed an 800 number.  The <u>Miller</u> court expressed concern that the letter only provided the principal balance.  <u>Id</u>. The court found that the list of other charges that may or may not be owed violated the FDCPA because it implied that the amount

in the letter was not actually the full amount of debt owed.  The court held that the statute required the debt collector to have "state[d] the total amount due-interest and other charges as well as principal on the date the dunning letter was sent."  Id.

The April 2005 letter here does not raise the same concerns as the letter at issue in Miller.  In this case, unlike in Miller, the letter stated the date on which the amount due was calculated, stated the total amount due, and indicated that no other additional charges were outstanding.  The wording of the letter makes clear that the stated amount consisted of the total of the principal and interest due at that time.  See Bartlett v. Heibel, 128 F.3d 497, 499 (7th Cir. 2997) (providing "safe harbor" letter for debt collectors which stated the total amount of debt owed as of a particular date:  "I have been retained by Micard Services to collect from you the entire balance, which as of September 25, 1995, was $1,656.90, that you owe . . ." ).  The April 2005 letter clearly stated "the amount of the debt" as required by Section 1692(g)(a).  There is nothing confusing or misleading about the letter here.

The Court next examines Plaintiff's argument that the statement in the April 28, 2005 demand letter that "[t]he Creditor had given you prior notice concerning the delinquent account" is a false statement.  This argument is without merit. The sentence immediately preceding the subject sentence states:

18

"We have been retained by the above Current Creditor in
connection with your above account."  Plaintiff bases her
contention on the undisputed fact that Defendant Unifund did not
send any prior notice to Plaintiff.  Within the context of the
letter it is clear that the term "Creditor" refers to the
original creditor, not Unifund.  At the very least, the term
"creditor" could mean either the original creditor or the current
creditor.  Citibank, from whom Unifund purchased the account, had
given Plaintiff prior notice.  (Def. CSF at ¶ 69.)  The sentence
complained of is not false or misleading and cannot form the
basis of a FDCPA claim.

### b.  Defendants' September 25, 2005 Complaint

Plaintiff alleges that Defendants' September 25, 2005 state
court collection complaint violated the FDCPA.  Plaintiff
contends that the state court collection complaint was an
"initial communication" such that Unifund was required to send a
debt validation notice as required by Section 1692g(a) within
five days, but failed to do so.  Plaintiff also contends that the
collection complaint violated the FDCPA because it contained
false, misleading, or deceptive statements.

Plaintiff's argument that the collection complaint was an
initial communication subject to Section 1692(g) is without
merit.  The April 28, 2005 letter, discussed above, was the

19

initial communication from Unifund.  Defendant Marvin Dang's office sent the April 28, 2005 letter on Unifund's behalf just as it prepared and filed the collection complaint on Unifund's behalf.  The Court agrees with the numerous courts that have held that each debt collector, in attempting to collect a debt, need not send a separate debt validation notice.  See Senftle v. Landau, 390 F.Supp.2d 463, 473 (D.Md. 2005) ("The Court thus holds that there is only one 'initial communication' with a debtor on a given debt under § 1692g(a), even though subsequent debt collectors may enter the picture.").  In Nichols v. Byrd, 435 F.Supp.2d 1101, 1107 (D. Nev. 2006) the district court agreed with the Senftle's court's reasoning and held that "where a validation notice had been sent by a debt collector, another debt collector hired to litigate for collection of that same debt need not supply a second validation notice."  In this case, the *same* debt collectors, Unifund and its attorneys, sent both the April 2005 letter and filed the September 2005 state court collection lawsuit.  In this context, there is even less reason to treat the subsequently filed collection lawsuit as an "initial communication" under Section 1692g.

The Court next turns to Plaintiff's argument that the Complaint is false and misleading.  In support of her position, Plaintiff argues: (1) the collection complaint omitted two pages of the Citibank credit card agreement; (2) the affidavit, dated

20

June 7, 2005, in support of the collection complaint is dated over three months earlier than the complaint, dated September 15, 2005, and is false and misleading; and (3) Unifund's filing of the collection lawsuit was false, deceptive, and misleading because Unifund was not a licensed collection agency in the State of Hawaii at the time it filed suit such that it did not have authority to collect a debt.

Plaintiff's first argument is in error.  The collection complaint stated that a true and correct copy of the credit card agreement was attached to the complaint as Exhibit 1.  A certified copy of the collection complaint, provided by Defendants, shows that the pages Plaintiff alleges were missing were, in fact, attached to the collection complaint.  (Def. CSF at Exh. A.)  Plaintiff has not, and cannot, present any credible evidence to contradict this evidence.  Even if the pages had been missing, Plaintiff does not cite to any case law that supports her argument that the failure to attach a complete copy of a credit card agreement to a collection complaint constitutes a misrepresentation in violation of the FDCPA.

Moreover, while Plaintiff disputes that 27% is the correct interest rate, Plaintiff has not shown that 27% is incorrect. Citibank provides the interest rate, and other information contained in the affidavit of indebtedness, to Unifund on CD-ROM. (Shaffer Depo. at 41-42.)  The documents provided by Citibank

21

indicated a 27% interest rate.  (<u>Id</u>. at 46.)

Second, the affidavit of indebtedness does not constitute a violation of the FDCPA.  Plaintiff contends that the affidavit constitutes a false and misleading communication because it is dated approximately three months prior to the complaint; because the affiant, Ms. Bharati Lengade, admitted that she did not personally review the documents to verify the amount owed by Plaintiff; and because Ms. Lengade admitted that she never saw the collection complaint.  Because Ms. Lengade did not personally review the documents, Plaintiff challenges the facts set forth in Ms. Lengade's affidavit as inadmissible evidence and contends that Ms. Lengade committed perjury by signing the affidavit without personally verifying the information contained therein.

The Court addresses each issue raised by Plaintiff in turn. The fact that the affidavit is dated June 7, 2005, and the collection complaint is dated September 15, 2005, is not false and misleading.  The collection complaint clearly states that the amount due and owing is as of June 7, 2005, the date of the affidavit of indebtedness.  Contrary to Plaintiff's contention, the affidavit does verify the contents of the complaint.

The fact that Ms. Lengade never saw the complaint and did not personally review the documents to verify the amount owed by Plaintiff does not constitute a violation of the FDCPA.

22

Plaintiff has not shown how the affidavit is untrue in any sense. Unifund is entitled to reasonably rely on the debt information provided by Citibank as the original creditor.  See Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1177 (9th Cir. 2006) ("if a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors").

Finally, the Court turns to Plaintiff's contention that Unifund violated Section 1692e(5) of the FDCPA by engaging in debt collection activity in Hawaii without being licensed as a collection agency under Hawaii law.  As discussed below, Plaintiff is correct that Unifund should have been, but was not, licensed as a collection agency in the State of Hawaii, as required by Hawaii law, at the time it attempted to collect the debt from Plaintiff.  Defendant Unifund's attempts to collect the debt while being an unlicensed collection agency constituted a violation of Section 1692(e)(5) because it threatened to take action that it could not legally take.  See Keli v. Universal Fidelity Corp., 1997 WL 33820142 (D. Haw. Feb. 25, 2007); Kuhn v. Account Control Technology, Inc., 865 F.Supp. 1443, 1452 (D. Nev. 1994); Gaetano v. Payco of Wisconsin, Inc.  774 F.Supp. 1404, 1415 (D. Conn. 1990).

Defendants' Cross-Motion for Summary Judgment is **GRANTED** as to Counts Three and Four and **DENIED** as to Count Two.

23

Plaintiff's Motion for Partial Summary Judgment is **GRANTED** as to Count Two and **DENIED** as to Counts Three and Four.

## II.  Haw. Rev. Stat. Chapters 443B and 480 (Counts 5-8)

Plaintiff's Complaint alleges three claims against Defendant Unifund under Haw. Rev. Stat. §§ 443B-3 (Count 5), 443B-18 (Count 6) and 443B-19(4) (Count 7).  Plaintiff also alleges that all Defendants violated Hawaii's unfair and deceptive trade practices act, Haw. Rev. Stat. § 480-2 (Count 8).  Plaintiff relies on the same allegedly unlawful conduct as put forth in support of her FDCPA claims.

### A. Legal Standard

#### 1.  Haw. Rev. Stat. § 443B

Haw. Rev. Stat. § 443B regulates and prohibits unfair debt collection practices by "collection agencies."  Section 443B-3 requires persons acting as collection agencies in Hawaii to register with the state.  As addressed below, Section 443B's subsections include prohibitions on collecting debts by false or deceptive means and through the use of misleading information.

#### 2.  Haw. Rev. Stat. § 480-2

Hawaii's unfair and deceptive trade practices act, Haw. Rev. Stat. § 480-2, deals with unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade

24

or commerce.  The commentary to Section 480-2 explains that in enacting Section 480-2 "[t]he Hawaii legislature intended this section and § 480-13 to provide consumers with individual causes of action where they have been injured by a deceptive trade practice."  Section § 480-13(b) recognizes a private right of action for consumers who have been injured by an unfair or deceptive business practice declared unlawful by Section 480-2. A violation of Chapter 443B constitutes a violation of Section 480-2.  See Haw. Rev. Stat. § 443B-20.  In other words, Section 480-13 provides a private cause of action for an injured debtor to recover damages for a violation of Chapter 443B.

### B. **Plaintiff's State Law Claims**

#### 1.   **Chapter 443B of the Hawaii Revised Statutes, Applies to Defendant Unifund, But Not to Defendants Dang, Park or Martinez**

Plaintiff argues that Defendant Unifund is liable under Chapter 443B for either failing to register with the State of Hawaii or failing to obtain designation as an exempt out-of-state collection agency.  See Haw. Rev. Stat. §§ 443B-3, 443B-3.5. Defendants argue that Chapter 443B does not apply to them because none of them fall within the definition of "collection agency" as defined in Haw. Rev. Stat. § 443B-1.

Section 443B-1 defines "collection agency" as follows:

"Collection agency" means any person, whether located

25

within or outside this State, who by oneself or through
others offers to undertake or holds oneself out as being
able to undertake or does undertake to collect for
another person, claims or money due on accounts or other
forms of indebtedness for a commission, fixed fee, or a
portion of the sums so collected.

"Collection agency" includes:

(1) Any person using any name other than the person's own
in collecting the person's own claims with the intention
of conveying, or which tends to convey the impression
that a third party has been employed;

(2) Any person who, in the conduct of the person's
business for a fee, regularly repossesses any merchandise
or chattels for another; and

(3) Any person who regularly accepts the assignment of
claims or money due on accounts or other forms of
indebtedness and brings suits upon the assigned claims or
money due on accounts or other forms of indebtedness in
the person's own name; provided that any suits shall be
initiated and prosecuted by an attorney who shall have
been appointed by the assignee.

"Collection agency" does not include licensed attorneys
at law acting within the scope of their profession . .
.

Haw. Rev. Stat. § 443B-1.

Defendants Dang and Park are expressly excluded from the

definition of "collection agency" under Hawaii law.  Defendant

Martinez is also excluded because the work performed by him was

at the direction of attorneys.

Defendants also assert that Defendant Unifund does not fall

under the definition of "collection agency" because the definition requires that the agency be compensated by means of a "commission, fixed fee, or a portion of the sums so collected". The statute is not a model of clarity.  While the primary definition of "collection agency" requires that the agency be collecting the debt "for another person" "for a commission, fixed fee, or portion of the sums so collected", the statute goes on to state that the term includes "[a]ny person who regularly accepts the assignment of claims or money due on accounts or other forms of indebtedness."

Defendant Unifund falls under the plain language of subpart (3) of the definition of "collection agency" contained in Section 443B-1.  See generally Lamie v. United States Trustee, 540 U.S. 526, 534 (2004) (when a statute's language is plain, the Court's function is to enforce it according to its terms);  State v. Smith, 81 P.3d 408, 413 (Haw. 2003) (citations and quotations omitted) ('[i]t is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning.  Instead, our sole duty is to give effect to the statute's plain and obvious meaning.' ").

Defendants admit that "Unifund is a 'debt buyer'.  It purchases credit card debts." (Def. Opp. at 2.)  Unifund purchased certain of Citibank's credit card accounts, including

27

Plaintiff's.  (Pl. CSF at Exh. 20 (Unifund CCR Partners Purchase and Sale Agreement.)  Defendant Unifund, as assignee, appointed attorney Marvin Dang's office to initiate and prosecute the claim.

Because Defendant Unifund is a "collection agency", it violated Haw. Rev. Stat. 443B-3 by sending the April 28, 2005 letter and filing the September 25, 2005 collection complaint before it registered as a collection agency in April 24, 2006. (Pl. CSF at ¶ 5; Def. CSF at ¶ 4.)

Because Defendant Unifund failed to register as a collection agency, Plaintiff's Motion for Partial Summary Judgment as to Count 5 is **GRANTED** and Defendant's Cross-Motion for Summary Judgment as to Count 5 is **DENIED**.

>  **2.**   **Defendant Unifund Did Not Violate Sections 443B-18 (Count 6 - Fraudulent, Deceptive or Misleading Representations) and 443B-19(4) (Count 7- Use of Unfair or Unconscionable Means to Collect or Attempt to Collect a Claim)**

In Counts Six and Seven of her Complaint, Plaintiff alleges that Defendant Unifund violated Haw. Rev. Stat. § 443B-18 and § 443B-19, prohibiting false and misleading representations and the use of unfair and unconscionable means to collect a debt, for the same reasons that Defendants allegedly violated the FDCPA.  For the same reasons that the Court found that Defendants' conduct did not violate the FDCPA, the Court finds that Defendant Unifund

28

did not violate Sections 443B-18 and 443B-19.

Plaintiff's Motion for Partial Summary Judgment as to Counts 6 and 7 is **DENIED** and Defendant's Cross-Motion for Summary Judgment as to Counts 6 and 7 is **GRANTED**.

### 3.   <u>Defendant Unifund's Alleged Unfair Practices in Violation of Haw. Rev. Stat. § 480-2 (Count 8)</u>

Count Eight of the Complaint alleges that Defendants violated Haw. Rev. Stat. § 480-2.  Defendant Unifund violated Section 1692e(5) of the FDCPA and Haw. Rev. Stat. 443B-3 by engaging in debt collection practices in Hawaii without first registering as a collection agency or obtaining an exemption as an out-of-state collection agency.  Under Haw. Rev. Stat. § 443B-20, a violation of Chapter 443B constitutes an unfair method of competition or a deceptive practice in the conduct of any trade for the purposes of Section 480-2.  Plaintiff's claim for Defendant Unifund's violation of Section 443B is therefore brought under the private cause of action provision contained in Section 480-13 which, as discussed below, requires a showing of actual damages.

Plaintiff has failed to show a violation of Hawaii's unfair debt collection practices law (Chapter 443B), or of Hawaii's unfair and deceptive trade practices act (Haw. Rev. Stat. § 480-2, for which Defendants Dang, Park, or Martinez could be liable.

29

III. **Damages**

Plaintiff seeks statutory damages in the amount of $1,000 under the FDCPA; "$1,000 or threefold damages, whichever is greater, pursuant to H.R.S. § 480-13(b)(1) and H.R.S. § 443B-20" for violations of Chapter 443B and Haw. Rev. Stat. § 480-2, plus costs and reasonable attorneys' fees; and a fine against Defendant Unifund in the amount of $1,000 pursuant to Haw. Rev. Stat. § 443B-14(b).  (Compl. at p. 8; Motion at 23-27.)

A. **Statutory Damages Under FDCPA**

Under 15 U.S.C. § 1692k, Plaintiff may recover up to $1,000 in statutory damages.  In determining statutory damages, the Court considers:

> the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional ...

15 U.S.C. § 1692k(b)(1).

The Court finds that Plaintiff is entitled to statutory damages in the amount of $1,000 under the FDCPA.

B. **Plaintiff's Claim that Defendant Unifund Violated Haw. Rev. Stat. § 443B-3 Brought Pursuant to Haw. Rev. Stat. § 480-13(b) Requires a Showing of Actual Damages**

Plaintiff's damages claim for Defendant's violation of Section 443B-3 is brought pursuant to Haw. Rev. Stat § 480-13.

Section 480-13 requires a showing of actual damages.  See Haw. Rev. Stat. § 480-13(b) (allowing suit by "[a]ny consumer who is *injured* by any unfair or deceptive act or practice....") (emphasis added); Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002) (to recover under § 480-13 "a plaintiff must demonstrate damages caused by the violation") (citing Ai. v. Frank Huff Agency, Ltd., 61 Haw. 607, 618 (1980)); King v. International Data Services,  2002 WL 32345923, at *7  (D. Haw. 2002) ("The elements necessary to recover on an unfair or deceptive trade acts or practices claim under HRS § 480-13(b)(1) are: (1) a violation of HRS § 480-2; (2) injury to the consumer caused by such a violation; and (3) proof of the amount of damages.") (quoting Davis v. Wholesale Motors, Inc., 949 P.2d 1026, 1038 (Haw. Ct. App. 1997)).

Plaintiff claims that she suffered actual damages as a result of Defendant Unifund's violation of Section 443B-3.  In particular, Plaintiff claims that the attorneys' fees and costs incurred by her in defending against the state court collection lawsuit constitute actual damages.

In Sambor, another judge within this district addressed facts somewhat similar to the present case.  In Sambor, the court found that the defendant debt collector violated Section 443B-3 by failing to register with the State of Hawaii or obtain designation as an exempt out-of-state collection agency.  See

31

Sambor, 183 F.Supp.2d at 1244.  The plaintiff sought damages
under Section 480-13.  Id.  The court held that the plaintiff was
not entitled to damages pursuant to Section 480-13 because she
did not establish that she suffered actual damages as a result of
the debt collector's failure to register.  Id. at 1245.  The
plaintiff had claimed damages in the form of expenses allegedly
incurred by her in determining whether the defendant had engaged
in unfair and deceptive practices.  Id. at 1241.  Although
somewhat unclear from the plaintiff's declaration, the court
determined that the expenses may have been for plaintiff's
investigation of whether or not to sue the debt collector.  Id.
The court reasoned that such expenses were not necessarily actual
damages.  Id.  In holding that the plaintiff had failed to show
that the expenses incurred by her resulted from her failure to
register, the court observed that the plaintiff could have
incurred the expenses even if the defendant debt collector had
been registered.  Id. at 1245.

     The Sambor court's logic is particularly applicable to the
present case.  Plaintiff's attorneys' fees and costs incurred in
defending the state court collection complaint are not "damages"
directly and proximately caused by Defendant Unifund not being
licensed in the State of Hawaii.  Defendant's only proven
violation is failing to register.  Plaintiff has not put forth
any evidence to show that she did not actually owe the debt.

Even if Defendant Unifund had been registered, Plaintiff would have incurred attorneys' fees and expenses in defending the lawsuit.  <u>See</u> <u>Wiginton v. Pacific Credit Corp.</u>, 634 P.2d 111, 118 (1981) (injury exists if "expenses were incurred because of the statutory violation and not because of a valid debt") (decided under Haw. Rev. Stat. § 480-13 (Supp. 1975)).

Hawaii state law also supports the Court's finding that Plaintiff has failed to show an "injury" as is required to bring a suit under Section 480-13(b).  In <u>Fuller v. Pacific Medical Collections, Inc.</u>, 891 P.2d 300, 308 (Haw. Ct. App. 1995), the court addressed whether the plaintiffs had been injured by the collection agency's failure to remit all attorney's fees collected on the judgment to its own attorney as required by Haw. Rev. Stat. § 443B-9.  <u>Id</u>.  The court found that the plaintiffs had not satisfied Section 443B-13's requirement that there be an injury resulting from the alleged violation.  <u>Id</u>.  The <u>Fuller</u> court reasoned that "provisions like 443B-9 involve the general regulation of collection agencies and are enforceable by the director [of commerce and consumer affairs]."  <u>Id</u>. at 308-09. The <u>Fuller</u> court concluded: "HRS § 443B-9 is one of those sections in chapter 443B concerned with the general regulation of collection agencies, and not as Plaintiffs would urge, a section such as HRS §§ 443B-15 to -19, which has to do with prohibited acts involving debtors."  <u>Id</u>. at 309.

33

Like Haw. Rev. Stat. § 443B-9, Section 443B-3 is a provision relating to the general regulation of collection agencies and does not deal with prohibited acts involving debtors.  Under the Fuller court's reasoning, Plaintiff cannot prevail on a Section 480-13 claim based on a violation of Section 443B-3 because she has not shown the requisite injury.

Moreover, under the circumstances of this case, Plaintiff's opportunity to recover fees and costs associated with the state court collection complaint was in the state court.  The record shows that Plaintiff sought to recover such fees and costs and the state court awarded Plaintiff $578.58 in fees, costs, and expenses.  (Pl. CSF at ¶ 46.)  Plaintiff cannot now recover additional attorneys' fees and costs by claiming that they are "actual damages" under Hawaii state law (or under the FDCPA).[4]

The Court finds that Plaintiff has not provided any evidence of actual damages caused by Defendant Unifund's failure to register as a collection agency.  Because Plaintiff has failed to prove actual damages and proof of actual damages is an essential element of her Section 480-2 claim, Plaintiff's motion for partial summary judgment as to Count Eight is **DENIED** and Defendants' cross-motion for summary judgment as to Count Eight

---

[4] This is not, of course, to say that a party who proves that he did not owe a debt sought to be collected could not recover fees and expenses incurred in defending an action to collect such a debt.

is **GRANTED**.

## C. Assessment of Fine Pursuant to Haw. Rev. Stat. § 443B-14(b)

Haw. Rev. Stat. § 443B-14(b) provides for "a fine of not more than $1,000" for a violation of Chapter 443B.  The Court has already awarded statutory damages under the FDCPA for the very same conduct -- Unifund's failure to register -- which forms the basis of Unifund's Chapter 443B violation.  The Court finds that the circumstances of this case do not warrant the imposition of an additional fine of $1,000.

## D. Additional Costs and Attorneys' Fees

Plaintiff also seeks costs and attorneys' fees associated with the filing of the present lawsuit.  If Plaintiff intends to pursue this claim, Plaintiff shall make a motion for costs and attorneys' fees which will be automatically referred, pursuant to Local Rule 72.1, to Magistrate Judge Leslie E. Kobayashi, who is assigned to this case.

### CONCLUSION

For the forgoing reasons,

(1)  Plaintiff's Motion for Partial Summary Judgment (Doc. 40) is **GRANTED IN PART AND DENIED IN PART.**  Plaintiff's Motion is granted as to Counts 2 and 5 and denied as to Counts 3, 4, 6, 7, and 8;

(2)   Defendants' Cross-Motion for Summary Judgment (Doc. 44) is **GRANTED IN PART AND DENIED IN PART**.  Defendants' Cross-Motion is granted as to Counts 1, 3, 4, 6, 7, 8 and denied as to Counts 2 and 5;

(3)   Plaintiff is awarded $1,000 in statutory damages under the Fair Debt Collection Practices Act;

(4)   Any motion for attorneys' fees and costs shall be heard by Magistrate Judge Leslie E. Kobayashi.

IT IS SO ORDERED.

Dated: December 4, 2007, Honolulu, Hawaii.



　　　　　　　　　　 _/s/ Helen Gillmor_____

　　　　　　　　　　 Chief United States District Judge

---

CHRISTINA GORAY v. UNIFUND CCR PARTNERS; MARVIN S.C. DANG; JAE B. PARK; STUART MARTINEZ; Civ. No. 06-00214 HG/LEK; **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**