IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CHRISTINA GORAY,                    )    CIVIL NO. 06-00214 HG-LEK
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
UNIFUND CCR PARTNERS, ET AL.,       )
                                    )
          Defendants.               )
_____    )


**REPORT OF SPECIAL MASTER ON PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS**

          Before the Court, pursuant to a designation by Chief

United States District Judge Helen Gillmor, is Plaintiff

Christina Goray's ("Plaintiff") Motion for Attorney's Fees and

Costs ("Motion"), filed on December 20, 2007.  Plaintiff requests

an award of $80,010.44 in attorneys' fees and $2,903.03 in costs.

Defendant Unifund CCR Partners ("Unifund") filed its memorandum

in opposition on December 31, 2007, and Plaintiff filed her reply

on January 22, 2008.  The Court finds this matter suitable for

disposition without a hearing pursuant to Rule LR7.2(d) of the

Local Rules of Practice of the United States District Court for

the District of Hawaii ("Local Rules").  After reviewing the

parties' submissions and the relevant case law, the Court FINDS

and RECOMMENDS that the Plaintiff's Motion be GRANTED IN PART AND

DENIED IN PART.  The Court recommends that the district judge

award Plaintiff $53,522.50 in attorneys' fees and $2,048.57 in

costs, for a total award of $55,571.07.

## **BACKGROUND**

The instant case arises from the attempt to collect a $10,407.13 credit card debt from Plaintiff.  The original creditor, Citibank, sold and assigned Plaintiff's account to Unifund.  Unifund hired Defendant Marvin S.C. Dang's ("Defendant Dang") office to represent it in its efforts to collect Plaintiff's debt.  Defendant Dang is a licensed attorney in Hawaii and Defendant Jae B. Park ("Defendant Park"), who is also a licensed attorney in Hawaii, and Defendant Stuart Martinez ("Defendant Martinez"), a legal assistant, are his employees.[1]

On April 28, 2005, Defendant Dang's office sent a form demand letter to Plaintiff on Unifund's behalf ("Demand Letter"). On September 16, 2005, Unifund filed a complaint against Plaintiff in the District Court of the Second Circuit, State of Hawaii ("state court").  The state court later dismissed the collection action with prejudice pursuant to the parties' stipulation.

On April 20, 2006, Plaintiff filed the instant action under the Fair Debt Collection Practices Act ("FDCPA") and the corresponding state law.  The Complaint contains the following counts:

- **Count 1**: Defendant Unifund violated 15 U.S.C. 1692b and 1692c(b) of the FDCPA by contacting Plaintiff's former

---

[1] The Court will refer to Unifund, Defendant Dang, Defendant Park, and Defendant Martinez collectively as "Defendants".

employer and obtaining more than location information;

- **Count 2**: all Defendants violated 15 U.S.C. 1692e by sending the Demand Letter; and Unifund violated § 1692(e)(5) by engaging in debt collection activity without being licensed as a debt collection agency in Hawaii;

- **Count 3**: all Defendants violated 15 U.S.C. 1692f by sending the Demand Letter and by filing the complaint in the collection action;

- **Count 4**: Defendants Unifund and Dang violated 1692g(a) by sending the Demand Letter and by filing the complaint in the collection action;

- **Count 5**: Defendant Unifund violated Haw. Rev. Stat. 443B-3 by sending the Demand Letter and filing the collection complaint prior to registering as a debt collection agency;

- **Count 6**: Defendant Unifund's conduct violated Haw. Rev. Stat. 443B-18(2)(B), (5) and (8);

- **Count 7**: Defendant Unifund's conduct violated Haw. Rev. Stat. 443B-19(4);

- **Count 8**: all Defendants' conduct violated Haw. Rev. Stat. 480-2.

The district judge found that Defendants Dang, Park, and Martinez (collectively "Dang Defendants") did not violate any federal or state law and that the only violation that Unifund committed was failing to register with the State of Hawaii as a collection agency, as required by Haw. Rev. Stat. § 443-B. [Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment and Order Granting in Part and Denying in Part Defendant's Crossmotion for Summary Judgment, filed 12/4/07 ("Summary Judgment Order"), at 1-2.]  The district judge therefore granted summary judgment in favor of Defendants

as to Counts 1, 3, 4, 6, 7, 8.  The district judge granted
summary judgment in favor of Plaintiff as to Counts 2 and 5,
based on Unifund's failure to register as a debt collection
agency prior to engaging in debt collection activities.  The
district judge awarded Plaintiff $1,000 in statutory damages
under the FDCPA.  [Id. at 35-36.]  Judgment was entered on
December 17, 2007.

In the instant Motion, Plaintiff argues that attorneys'
fees are mandatory in FDCPA actions where a consumer prevails
against a debt collector and that she is the prevailing party
because the district judge granted summary judgment in her favor
as to Counts 2 and 5.  Plaintiff emphasizes that she recovered
the maximum statutory damages available under the FDCPA for
Unifund's violation.  She therefore contends that her action was
highly successful and that the Court should not reduce her fee
request because the amount of damages was small in comparison to
the fee request.  Plaintiff's seeks attorneys' fees for 246.1
hours at $300.00 per hour.

Plaintiff also requests postage charges and travel
expenses incurred in this case.  Plaintiff's counsel mailed court
filings and correspondence between Plaintiff's counsel and
Plaintiff or Defendants' counsel.  Plaintiff seeks reimbursement
for counsel's travel expenses to Cincinnati for depositions and
Plaintiff's own travel expenses from Maui to Honolulu to attend
her deposition, as well as those of the Dang Defendants.

In its memorandum in opposition, Unifund emphasizes
that the district judge only found one of the four Defendants
liable and that Unifund's only violation was failing to register
as a collection agency.  Further, although Plaintiff sought over
$31,000.00 in damages, the district judge only awarded $1,000.00
in statutory damages and found that Plaintiff had not proven that
she suffered actual damages as a result of the failure to
register.  Unifund argues that, in light of her limited success,
Plaintiff's request of over $80,000.00 in attorneys' fees and
costs is unreasonable.  Unifund lists examples of time entries
which it claims are not compensable because they deal with the
pursuit of parties or claims that ultimately failed.  Unifund
argues that at least 87.3 hours should be deducted from counsel's
time.  Finally, Unifund argues that Plaintiff's counsel's
requested hourly rate is excessive.

In her reply, Plaintiff argues that the Court should
not reduce her attorneys' fees for unsuccessful claims because
all of her claims were based on a common nucleus of facts and
related legal theories.  She argues that counsel's hours are
inseparable because there were all related to the same
activities.  Plaintiff reiterates that the district judge awarded
her the maximum statutory damages for Unifund's violation and
argues that all of the other claims, although unsuccessful, were
reasonable and intertwined with Unifund's violation.  Plaintiff
argues that any reasonable attorney would have spent the same

amount of time pursuing the same claims.  Plaintiff contends that Unifund's list of objectionable time entries are "incorrect, arbitrary, and clearly not separable from the common core of facts and legal theories."  [Reply at 7.]  For example, Plaintiff argues that time spent on the claims against the Dang Defendants was necessary and reasonable as normal steps in the litigation process where Defendants engaged in collection activities as a group.

Plaintiff argues that counsel is entitled to the entire 246.1 hours at $300.00 per hour.  Plaintiff also argues that counsel's hourly rate is consistent with the market rate of other attorneys with similar years of experience.  In addition, she seeks an additional $2,701.57 in attorneys' fees and $12.15 in costs incurred since the filing of the Motion.  Finally, Plaintiff notes that Unifund did not raise any objections to her costs request and argues that Unifund has therefore waived any objections.  She urges the Court to award her cost request in full.[2]

## DISCUSSION

### I.   Entitlement to Attorneys' Fees

Plaintiff seeks an award of fees pursuant to 15 U.S.C. § 1692k(a)(3), which provides in pertinent part:

---

[2] Plaintiff also argues that the Court should award $5,640.12 in taxable costs because Unifund did not object to her Bill of Costs, filed on December 19, 2007.  The Clerk of the Court, however, has already taxed costs in the amount of $5,640.12 against Unifund.

Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
. . . .
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . . .

The language of this section makes a fee award mandatory.  See Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008).  The Ninth Circuit has noted that, "'[i]n order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases.'"  Id. at 980 (quoting Tolentino v. Friedman, 46 F.3d 645, 652 (7th Cir. 1995)) (alteration in original).

While Unifund disagrees with the district judge's ruling that it violated the FDCPA by failing to register as a collection agency under Hawaii law and Unifund has filed an appeal to the Ninth Circuit Court of Appeals, Unifund acknowledges that Plaintiff is entitled to seek an award of reasonable attorneys' fees and costs at this time.  [Mem. in Opp. at 2 n.1.]

## II.  Calculation of Award

In a recent FDCPA case, the Ninth Circuit stated that:

District courts must calculate awards for attorneys' fees using the 'lodestar' method, and

>           the amount of that fee must be determined on the
>           facts of each case, <u>Hensley v. Eckerhart</u>, 461 U.S.
>           424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
>           The 'lodestar' is calculated by multiplying the
>           number of hours the prevailing party reasonably
>           expended on the litigation by a reasonable hourly
>           rate.  Although in most cases, the lodestar figure
>           is presumptively a reasonable fee award, the
>           district court may, if circumstances warrant,
>           adjust the lodestar to account for other factors
>           which are not subsumed within it.

<u>Camacho</u>, 523 F.3d at 978 (some citations and quotation marks

omitted).

        The Ninth Circuit has articulated the following

relevant factors in the determination of a reasonable attorneys'

fee:

>           (1) the time and labor required, (2) the novelty
>           and difficulty of the questions involved, (3) the
>           skill requisite to perform the legal service
>           properly, (4) the preclusion of other employment
>           by the attorney due to acceptance of the case, (5)
>           the customary fee, (6) whether the fee is fixed or
>           contingent, (7) time limitations imposed by the
>           client or the circumstances, (8) the amount
>           involved and the results obtained, (9) the
>           experience, reputation, and ability of the
>           attorneys, (10) the "undesirability" of the case,
>           (11) the nature and length of the professional
>           relationship with the client, and (12) awards in
>           similar cases.

<u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir.

1975).  Factors one through five have been subsumed in the

lodestar calculation.  <u>See</u> <u>Morales v. City of San Rafael</u>, 96 F.3d

359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit,

extending <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567 (1992),

held that the sixth factor, whether the fee is fixed or

contingent may not be considered in the lodestar calculation.

See <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993).

A plaintiff in a successful FDCPA action can recover attorneys' fees incurred in connection with the motion for attorneys' fees.  See <u>Perez v. Perkiss</u>, 742 F. Supp. 883, 891 (D. Del. 1990).  The reviewing court, however, must consider those fees separately from the fees incurred litigating the merits of the case.  Thus, the court must also reduce the fee award if the plaintiff achieves only limited success on the motion for attorneys' fees.  See <u>id.</u>

Plaintiff requests the following lodestar amount for work counsel performed on the merits of this case and on the instant Motion:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Norman Lau | 240.5 | $300 | $72,150.00 |
| Norman Lau | 14.2 | $300 | $ 4,260.00 |
| | | Subtotal | $76,410.00 |
| | State Excise Tax of 4.712% | | $ 3,600.44 |
| | TOTAL REQUESTED LODESTAR | | $80,010.44 |

[Motion, Decl. of Norman K.K. Lau ("Lau Decl."), Exh. 1; Reply, Decl. of Norman K.K. Lau ("Reply, Lau Decl."), Exh. 1.]  Mr. Lau was admitted to the Hawaii bar in 1976.  [Lau Decl. at ¶ 1.]

A.   **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable,

the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). Mr. Lau states that, in September 2007, a state court awarded him an hourly rate of $300 in a contract case which was not as complicated as the instant case. [Lau Decl. at ¶ 2.] He also notes that, on November 24, 2003, in Newman v. The Cadle Co., CV 01-00539 ACK-LEK, this Court found that Mr. Lau's requested hourly rate of $250 was manifestly reasonable. [Id. at ¶ 12.] Plaintiff also submitted declarations by Jeffrey Crabree, Esq., Eric Seitz, Esq., and John Harris Paer, Esq., stating that Mr. Lau's $300 hourly rate is consistent with rates charged by attorneys in the community with similar experience. Unifund, however, argues that this rate is excessive. Counsel for Unifund, who graduated from law school in 1983, charges $200 per hour and Unifund argues that such a rate is more in line with the prevailing market rates in the community.

Based on this Court's knowledge of the prevailing rates in the community and the submissions in this case, this Court finds that the requested hourly rate of $300 for Mr. Lau is unreasonable and is inconsistent with this Court's recent decisions.  See Kajitani v. Downey Savings & Loan Ass'n, CV 07-00398 SOM-LEK, Order Awarding Attorney's Fees and Costs (D. Haw. Apr. 8, 2008) (awarding Mr. Paer $280 per hour in a Truth-in-Lending Act case); Clark v. Universal Debt Solutions, Inc. CV 07-00183 ACK-LEK, Findings and Recommendations Granting Plaintiff's Motion for Default Judgment (D. Haw. July 24, 2007) (recommending that Mr. Paer's requested $350 hourly rate be reduced to $280 in a FDCPA case).[3]  The Court also notes that it has previously recommended an hourly rate of $250 for Mr. Lau.  See Newman v. The Cadle Co., CV 01-00539 ACK-LEK, Report of Special Master Granting in Part and Denying in Part Plaintiff's Motion for Attorneys' Fees and Costs; and Denying Defendants' Objection to Bill of Costs (D. Haw. Nov. 24, 2003); Mayes v. Tharp, CV 01-00128 DAE-LEK, Report of Special Master Concerning Plaintiff Catherine Mays' Motion for Attorney Fees and Costs (D. Haw. June 17, 2002).[4]  The Court finds that, although some increase in Mr. Lau's hourly rate is warranted due to inflation and his

---

[3] The district judge adopted this Court's Findings and Recommendations in Clark on August 16, 2007.

[4] The district judge in Newman adopted this Court's Report on December 12, 2003, and the district judge in Mays adopted this Court's Report on July 26, 2002.

additional years of experience, an hourly rate of $300 is
excessive.  The Court finds that an hourly rate of $280 is
reasonable.

   **B.   <u>Hours Reasonably Expended</u>**

      Beyond establishing a reasonable hourly rate, a party
seeking attorneys' fees bears the burden of proving that the fees
and costs taxed are associated with the relief requested and are
reasonably necessary to achieve the results obtained.  <u>See</u> <u>Tirona
v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw.
1993) (citations omitted).  A court must guard against awarding
fees and costs which are excessive, and must determine which fees
and costs were self-imposed and avoidable.  <u>See</u> <u>Tirona</u>, 821 F.
Supp. at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815
F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim
fat' from, or otherwise reduce, the number of hours claimed to
have been spent on the case."  <u>Soler v. G & U, Inc.</u>, 801 F. Supp.
1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on
work deemed "excessive, redundant, or otherwise unnecessary"
shall not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting
<u>Hensley</u>, 461 U.S. at 433-34).

      First, the Court notes that clerical or ministerial
costs are part of an attorney's overhead and are reflected in the
charged hourly rate.  <u>See</u>, <u>e.g.</u>, <u>Sheffer v. Experian Info.
Solutions, Inc.</u>, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).
Plaintiff's counsel has included time spent on tasks such as

electronic filing, calendaring dates, and reserving a room for depositions.  He also included several conferences with staff from the Clerk's Office, including courtroom managers.  The Court finds that these tasks are clerical in nature and will deduct 4.0 hours from the time counsel spent on the merits of the case and 1.0 hour from the time counsel spent on the instant Motion.

The Court also notes that Plaintiff's counsel billed a total of 30.3 hours traveling to and from Cincinnati, Ohio for the depositions of Jeff Schaffer, Unifund's Federal Rule of Civil Procedure 30(b)(6) witness, and Bharati Lengade, Unifund's media supervisor who signed one of the documents at issue in this case. These depositions were necessary to Plaintiff's case and it was necessary for Plaintiff's counsel to travel to Cincinnati for the depositions.  The Court, however, finds that the requested time is excessive.  The Court finds that 12.0 hours each way is reasonable compensation for travel to Cincinnati.  The Court will therefore deduct 6.3 hours from counsel's time.

The Court finds that the remainder of counsel's time, 230.2 hours, is reasonable for the merits of the case and that 13.2 hours is reasonable for the instant Motion.  This, however, is not the end of the Court's inquiry.  The Court must also determine whether a reduction to the lodestar amount is appropriate in light of Plaintiff's limited success in the action.

C.    <u>Reduction for Limited Success</u>

Where a plaintiff achieves only partial or limited success, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436-37 (1983).  Based on <u>Hensley</u>, the Ninth Circuit has adopted a two-part analysis to address attorneys' fees in cases where the plaintiff prevails on some claims but not others.

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims.  If unrelated, the final fee award may not include time expended on the unsuccessful claims.  If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive.  Such decisions are within the district court's discretion.

<u>Schwarz v. Sec'y of Health & Human Servs.</u>, 73 F.3d 895, 901-02 (9th Cir. 1995) (quoting <u>Thorne v. City of El Segundo</u>, 802 F.2d 1131, 1141 (9th Cir. 1986) (quoting <u>Hensley</u>, 461 U.S. at 435, 103 S. Ct. at 1940)).  District courts within the Ninth Circuit apply this two-part test in awarding attorneys' fees under the FDCPA. <u>See</u>, <u>e.g.</u>, <u>Schueneman v. 1st Credit of Am., LLC</u>, No. C 05 4505 MHP, 2007 WL 1969708, at *6 (N.D. Cal. July 6, 2007); <u>Hooper v. Capital Credit & Collection Servs., Inc.</u>, No. Civ. 03-793 PA, 2005 WL 1899380, at *1 (D. Or. Aug. 8, 2005).

### a.   <u>Related Claims</u>

Unrelated claims are "distinctly different claims for relief that are based on different facts and legal theories", whereas related claims "involve a common core of facts or [are] based on related legal theories." <u>Hensley</u>, 461 U.S. at 434-35. In the instant case, all of Plaintiff's claims arise from the attempts to collect her outstanding credit card debt. All of Plaintiff's claims are for violations of the FDCPA and Hawaii Revised Statutes Chapter 443B, the corresponding state law regulating collection agencies.[5] This Court therefore finds that Plaintiff's claims are related.

### b.   <u>Significance of Overall Relief</u>

Plaintiff prevailed on Count 2 and the district judge awarded her $1,000.00 in statutory damages. Plaintiff prevailed on Count 5, but the district judge ruled that Plaintiff could not prevail on her claim for damages because she did not establish actual damages. In her Motion for Partial Summary Judgment, filed May 8, 2007, Plaintiff requested a total of $31,042.84 in actual and statutory damages as to Counts 2-8.[6] [Motion for

---

[5] Count 8 alleges a violation of Haw. Rev. Stat. § 480-2, but Haw. Rev. Stat. § 443B-20 provides that a violation of Chapter 443B constitutes an unfair method of competition or a deceptive practice in the conduct of any trade for the purposes of § 480-2.

[6] Plaintiff argued that liability for Count 1 and the assessment of general and other damages should be determined at trial. [Motion for Partial Summary Judgment, Mem. in Supp. of Motion at 27.]

Partial Summary Judgment, Mem. in Supp. of Motion at 27.]
Although $1,000.00 is the maximum amount of statutory damages
available under the FDCPA, in light of the fact that Plaintiff
sought over $31,000 in damages, the Court finds that Plaintiff
achieved limited success in this action and that full
compensation of the hours expended in this action would be
excessive.  The Court finds that a reasonable award is seventy-
five percent of the total request for time spent on the merits of
the case.

        The Court also finds that Plaintiff's limited success
in the instant Motion warrants a reduction of the requested
attorneys' fees for time spent on the Motion.  The Court finds
that a reasonable award is seventy-five percent of the total
request for time spent on the Motion.

        D.    **Total Lodestar Award**

        Based on the foregoing, this Court finds that Plaintiff
has established the appropriateness of an award of attorneys'
fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Norman Lau | 230.2 | $280 | $64,456.00 |
| | State Excise Tax of 4.712% | | $ 3,037.17 |
| | Lodestar (merits) | | $67,493.17 |
| | MERITS AWARD AFTER REDUCTION | | $50,619.88 |

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Norman Lau | 13.2 | $280 | $3,696.00 |

| | |
|---|---|
| State Excise Tax of 4.712% | <u>$  174.16</u> |
| Lodestar (fees) | $3,870.16 |
| FEES AWARD AFTER REDUCTION | <u>$2,902.62</u> |

## III. <u>Costs</u>

A plaintiff in a successful FDCPA action is entitled to "costs of the action".  § 1692k(a)(3).  "Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees . . . ."  <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1216 n. 7 (9th Cir. 1986); <u>see also</u> <u>Giovannoni v. Bidna & Keys</u>, No. 06-15640, 2007 WL 3283611, at *2 (9th Cir. Nov. 7, 2007) (applying <u>Chalmers</u> to request for costs under §1692k(a)(3)); <u>Lowe v. Elite Recovery Solutions L.P.</u>, No. CIV S-07-0627 RRB GGH, 2008 WL 324777, at *7 (E.D. Cal. Feb. 5, 2008) (same).

### A.   <u>Costs Associated with the Merits of the Case</u>

Plaintiff seeks reimbursement of the following costs: $55.54 for postage charges; $2,537.12 for expenses associated with the depositions of Schaffer and Bharati in Cincinnati, including computer business research;[7] and $298.22 for expenses that Plaintiff occurred traveling from Maui to Honolulu for her deposition on December 4, 2006 and for the depositions of the

---

[7] Although Plaintiff stated that she was requesting $2,592.66 in expenses associated with the Cincinnati depositions, [Mem. in Supp. of Motion at 13,] according to the supporting documentation, counsel only incurred $2,537.12 in expenses.

Dang Defendants on December 7, 2006.[8]  [Lau Decl. at ¶ 4, Exhs.

3-8; Motion, Decl. of Christina Goray ("Goray Decl."), Exh. 10.]

      The expenses that Plaintiff's counsel incurred in

connection with the Cincinnati depositions consist of the

following:

| | | |
|---|---|---|
| Mar-08-07 . . . . | | |
| | Research (Accurint-business background for Unifund and its General Partners- Credit Card Receivables Corp and ZB Limited Partnership) | 22.47 [79.94] |
| | Airline/Travel Expense (Airfare for depositions of Defendant Unifund and Lengade Bharati) | 871.34 |
| | Hotel/Lodging (For Defendant Unifund's and Lengade Bharati Depositions) | 675.51 |
| Mar-09-07 | Deposition Accomodations(sic) - Room Rental on 2/28/07 for Jeff Schaffer deposition | 443.93 |
| | Deposition Accomodations(sic) - Room Rental on 3/1/07 for Lengade Bharati deposition | 443.93 |

[Exh. 1 to Lau Decl.]

      The expenses that Plaintiff incurred consist of the

following:

**_Expenses for Dec 4 2006 Deposition:_**

| | |
|---|---|
| Transportation to airport | $23.67 . . . |
| Transportation from airport | $22.01 . . . |
| Hotel one night | $79.06[9] . . . |

---

   [8] There was a calculation error in the computation of
Plaintiff's travel costs.

   [9] Plaintiff submitted a receipt for a hotel stay from
Saturday, December 2, 2006 to Monday, December 4, 2006.
Plaintiff, however, is only claiming one night's lodging in
connection with her deposition.  The room rate was $69.33 per
                               (continued...)

```
        Airfare                          $34.80 . . .
        Airfare                          $34.80 . . .
        Lunch                            $ 7.28 . . .

                                         [$201.62]
```

***Expenses for Dec 7 2006 Deposition: Stuart et al***

```
        Airfare                          $44.80 . . .
                                         $44.80 . . .
        Parking Kahului airport          $ 7.00 . . .

                                         $96.60
```

[Exh. 10 to Goray Decl.]

### 1.   Postage

First, the Court notes that Plaintiff did not include supporting documentation for the postage expenses.  Plaintiff's counsel, however, states that the expenses were reasonable and necessarily incurred in this case to: send Plaintiff copies of pleadings in this case; correspond with Plaintiff and opposing counsel; and to mail Defendants waivers of service of process. [Lau Decl. at ¶ 4.]  The Court finds that Plaintiff's requested postage costs are reasonable and necessarily incurred in connection with this case.  Further, this type of expense is normally charged to a fee-paying client.

### 2.   Travel

The Court finds that the costs that Plaintiff's counsel incurred in connection with the Cincinnati depositions are

---

[9](...continued)
night and the total bill was $158.12.  [Exh. 13 to Goray Decl.]
Plaintiff requests one-half of that amount as attributable to her
deposition.

reasonable and were necessarily incurred in this case.  They are

the type of costs that are normally charged to fee paying

clients.

Plaintiff, however, has not established that it was

necessary for her to attend the depositions of the Dang

Defendants.  The Court therefore finds that Plaintiff's travel

costs to attend their December 7, 2006 depositions are not

compensable.

Plaintiff claims $79.06 for lodging on the night of

December 3, 2006.  [Exh. 13 to Goray Decl.]  Plaintiff's

deposition was on December 4, 2006.  Plaintiff has not

established that it was necessary for her to stay in Honolulu

overnight on December 3 in order to attend her deposition on

December 4.  The Court therefore finds that Plaintiff's lodging

costs are not compensable.  The Court finds that the remainder of

Plaintiff's travel costs associated with her deposition are

reasonable and were necessarily incurred in this case.  They are

the type of costs that are typically charged to fee-paying

clients.

The Court finds that the following costs are eligible

for compensation in this case:

| | |
|---|---|
| Postage | $   55.54 |
| Expenses for Cincinnati Depositions | $2,537.12 |
| Expenses for Plaintiff's Deposition | $  122.56 |
| Total | $2,715.22 |

To the extent that non-taxable costs are recoverable as

attorneys' fees, see Chalmers, 796 F.2d at 1216 n. 7, the Court

will also apply the same percentage reduction that it applied to Plaintiff's request for attorneys' fees incurred litigating the merits of the case.  The Court therefore finds that, in light of Plaintiff's limited success on the merits of this case, Plaintiff is entitled to seventy-five percent of the eligible costs.

**B.** **Costs Associated with the Motion**

Plaintiff also seeks $12.15 in copying expenses in connection with the reply for the instant Motion.  [Exh. 1 to Reply, Lau Decl.]  Plaintiff requested all of her other copying expenses in this case in her Bill of Costs, filed on December 19, 2007.  Unifund did not object to Plaintiff's Bill of Costs, and the Clerk's Office taxed Plaintiff's costs in full on January 3, 2008.  To the extent that Plaintiff was previously awarded her full copying costs, this Court finds that Plaintiff is entitled to her full request for copying associated with the reply to the instant Motion.

**C.** **Total Award**

The Court recommends that the district judge award Plaintiff $2,036.42 for costs incurred in connection with the merits of this case, and $12.15 incurred in connection with the reply to the instant Motion, for a total award of $2,048.57.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion is HEREBY GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district judge award Plaintiff $53,522.50 in attorneys'

fees and $2,048.57 in costs, for a total award of $55,571.07.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, June 13, 2008.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**CHRISTINA GORAY V. UNIFUND CCR PARTNERS, ET AL; CIVIL NO. 06-
00214 HG-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND COSTS**